IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Odis Dwayne Simonds, | ) | |
| | ) | Civil Action No.: 0:17-cv-03050-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Lisa Collins, Solicitor for York County, | ) | |
| South Carolina, and the South Carolina | ) | |
| Court of Appeals, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on December 8, 2017 (ECF No. 8). The Report recommends dismissing, with prejudice, Plaintiff Odis Dwayne Simonds' ("Plaintiff") Complaint alleging causes of action for false imprisonment and due process violations (ECF No. 1) against Defendants Lisa Collins, the Solicitor for York County, South Carolina, and the South Carolina Court of Appeals (together "Defendants"). (ECF No. 8 at 1.) For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-2.) As brief background, Plaintiff, proceeding pro se and in forma pauperis, initiated this action by Complaint on November 8, 2017. (ECF No. 1.) Plaintiff alleges he was denied due process and wrongfully imprisoned. (*Id.* at 4-5.) The Magistrate Judge issued her Report on December 8, 2017. (ECF No. 8.) The Magistrate Judge found Defendant South Carolina Court of Appeals was immune from suit under the Eleventh Amendment, and

1

Defendant Collins was entitled to prosecutorial immunity. (*Id.* at 3-4.) As a result, the Report recommends dismissing Plaintiff's Complaint with prejudice and without issuance of service of process. (*Id.* at 4.) On May 21, 2017, Plaintiff filed Objections to the Report and Recommendation ("Objection"). (ECF No. 10.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). Failure to timely file a *specific*, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then de novo review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient

when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, pro se documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

In his Objection, Plaintiff asserts he is challenging the Magistrate Judge's finding of sovereign immunity, but his Objection only restates the arguments he advanced in his Complaint. (*Compare* ECF No. 1, *with* ECF No. 10.) This does not amount to specific objections to the Magistrate Judge's Report because restating previously advanced arguments "do[es] not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. In the absence of *specific* objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, construing Plaintiff's Objection liberally, the court finds he failed to advance any *specific* objections to the Magistrate Judge's Report, and the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 10, 2018
Columbia, South Carolina