IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Odis Dwayne Simonds, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 0:17-cv-03050-JMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Lisa Collins, *in her official capacity* ) | |
| *as Solicitor of York County*, and ) | |
| South Carolina Court of Appeals, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon Plaintiff Odis Dwayne Simonds's ("Plaintiff") Motion for Reconsideration.[1] (ECF No. 16.) Plaintiff seeks review of the court's October 10, 2018 Order ("October Order") accepting the Report and Recommendation ("Report") of the Magistrate Judge ("Magistrate Judge") and dismissing his Complaint with prejudice. (ECF No. 12.) For the reasons stated herein, the court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 16).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court adopts its prior recitation of the facts from its October Order. (ECF No. 13.) Procedurally, on December 8, 2017, acting pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina, the Magistrate Judge issued a Report. (ECF No. 8.) The Magistrate Judge recommended that the court dismiss Plaintiff's action, with prejudice,

---

[1] Plaintiff's Motion does not cite to a specific rule under the Federal Rules of Civil Procedure, but the Motion does state that he objects to "the findings of the Court basing you're judgment using a case 'Review & Report.'" (ECF No. 16 at 1.) Therefore, the court construes Plaintiff's Motion as a Motion for Reconsideration. As such, the court will liberally construe Plaintiff's Motion as only arising under Rule 59(e). *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Moreover, even if Plaintiff sought to invoke Rule 60(b) with Rule 59(e), the court is limited to only analyzing the Motion under Rule 59(e). *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).

because Defendants are immune from suit. (*Id.* at 3.) Pursuant to the Magistrate Judge's Report, Plaintiff had until December 30, 2017, to file an Objection to the Report. (ECF No. 8.) Plaintiff timely filed an Objection to the Report. (ECF No. 10.) On October 10, 2018, the court accepted the Report and dismissed the Complaint with prejudice. (*Id.* at 4.) On October 24, 2018, Plaintiff filed a Motion for Reconsideration (ECF No. 16).

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e), a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson*, 599 F.3d at 407 (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

Lastly, the court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon*, 574 F.2d at 1151; *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).

## III. DISCUSSION

The court construes Plaintiff's Motion only under Rule 59(e) and analyzes it under the above legal standards. *Robinson*, 599 F.3d at 412 (holding that a district court should only analyze

2

a motion under Rule 59(e) when that motion is filed under both Rule 59(e) and Rule 60(b)). In Plaintiff's Motion, there is not a suggestion about an intervening change in the controlling law. (ECF No. 16.) Nor does Plaintiff's Motion allege that there is new evidence that was not previously available. (*Id.*) Thus, Plaintiff's Motion may only be granted in the event that there is "a clear error of law or manifest injustice." *Robinson*, 599 F.3d. at 407. Plaintiff's Motion does not allege a clear error of law or manifest injustice. (ECF No. 16.) Plaintiff states he disagrees with the finding of the court but does not allege any basis for that disagreement that would meet the requirements of Rule 59(e). (*Id.*) Further, Plaintiff does not assert any disagreement with the court's finding that Defendants are immune from the suit. (*See id.*) As such, the court stands by the ruling in its October Order that Defendants are immune from the suit (ECF No. 16).

## IV. CONCLUSION

After careful consideration of Plaintiff's arguments, and for the reasons set forth above, the court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 16).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 14, 2018
Columbia, South Carolina

3